UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NELSON DURAN, on behalf of himself, individually, and on behalf of all others similarly-situated,

                          Plaintiff,

-against-

R&L INTERIOR RENOVATIONS AND CONSTRUCTION, CORP., and LUIS FERMIN, individually,

                         Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

**Docket No.:** 20-cv-9344

Jury Trial Demanded

NELSON DURAN, on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" as defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against Defendants R&L INTERIOR RENOVATIONS AND CONSTRUCTION, CORP. ("R&L"), and LUIS FERMIN, individually, (collectively as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1. This is a civil action seeking damages and equitable relief based upon Defendants' willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-1.4; (iii) the minimum wage provisions of the NYLL, NYLL § 652(1); 12 NYCRR § 142-2.1; (iv) the NYLL's requirement that employers pay their employees an additional one hour's pay at the minimum wage rate for those days when their employees' spread of hours exceeds ten in a workday, NYLL § 652, 12 NYCRR § 142-2.4; (v) the NYLL's requirement that employers furnish

1

employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (vi) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information upon hire, NYLL § 195(1); and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - a Bronx-based construction and remodeling company and its owner and day-to-day overseer - - as a laborer from on or around July 24, 2017 until November 24, 2018. As described below, throughout the entirety of Plaintiff's employment, Defendants willfully failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA and the NYLL, or at the minimum wage rate required under the NYLL. Specifically, Defendants required Plaintiff to work, and Plaintiff did in fact work, in excess of forty hours virtually each week, yet Defendants failed to compensate Plaintiff at the rate of one and one-half times his regular rate, or one and one-half times the minimum wage, if greater, for any hours that he worked in excess of forty in a week. Instead, Defendants paid Plaintiff a flat daily rate regardless of how many hours he worked in a day or in a week that did not include overtime premiums, and which fell below New York's statutorily-required minimum wage rate for all hours worked.

3. Defendants further violated the NYLL by failing to: pay Plaintiff spread-of-hours compensation of one hour's pay at the minimum wage rate for all days when his workday exceeded ten hours from beginning to end; and provide Plaintiff with any wage statements on each payday or with any wage notice upon his hire, let alone accurate ones.

4. Defendants paid and treated all of their non-managerial laborers in the same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually,

and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-into this action.

## **JURISDICTION AND VENUE**

6.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

7.  Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district.

## **PARTIES**

8.  At all relevant times, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

9.  At all relevant times, Defendant R&L was and is a New York corporation with its principal place of business located at 654 Underhill Avenue #1, Bronx, New York 10473.

10. At all relevant times, Defendant Fermin was and is the owner and day-to-day overseer of Defendant R&L, who in that role was and is responsible for making all personnel-related decisions, including but not limited to the hiring and firing of all employees, the setting of employees' hours, rates, and methods of pay, and the maintenance of all employment records, including those decisions and records with respect to Plaintiff.

11. At all relevant times, both Defendants were and are "employers" within the meaning of the FLSA, the NYLL, and the NYCRR. Additionally, at all times relevant to the

FLSA, Defendant R&L's qualifying annual business exceeded and exceeds $500,000.00, and R&L was and is engaged in interstate commerce within the meaning of the FLSA as it employed and employs two or more employees, and as it regularly ordered and sold parts, materials, and tools from vendors located in states other than New York, accepted payments in cash that naturally moved across state lines, and accepted credit cards as a form of payment based on cardholder agreements with out-of-state companies, the combination of which subjects R&L to the FLSA's overtime requirements as an enterprise with respect to all of Defendants' employees.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation, as well as liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees of Defendants, who during the applicable FLSA limitations period, performed any work for Defendants as a laborer, or in another similar position, and who consent to file a claim to recover unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

13. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid at the statutorily-required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

14. At all relevant times, Defendants are and have been aware of the requirement to pay Plaintiff and FLSA Plaintiffs at an amount equal to the rate of one and one-half times their

respective regular rates of pay for all hours worked each workweek above forty, yet Defendants purposefully and willfully chose and choose not to do so.

15. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation at the statutorily-required rate for all hours worked per workweek above forty, in violation of the FLSA.

## BACKGROUND FACTS

16. Defendant R&L is a New York corporation that operates a Bronx-based construction and labor company located at 654 Underhill Avenue, Apt. #1, Bronx, New York.

17. Defendant Fermin owns, operates, and manages Defendant R&L, and is responsible for all matters with respect to hiring, firing, and disciplining employees, as well as determining all employees' rates and methods of pay and hours worked, and for distributing work duties. Indeed, Fermin personally hired and fired Plaintiff, set Plaintiff's work schedule and job assignments, and set and paid Plaintiff his wages. He was also responsible for maintaining employment records for all of Defendants' employees, including Plaintiff.

18. On July 24, 2017, Defendants hired Plaintiff to work as a non-managerial laborer at various apartment complexes throughout New York City, with the majority of Plaintiff's work taking place in the Bronx. In that role, Plaintiff's job duties consisted of performing construction and/or scaffolding work in the buildings, making structural repairs, and performing other manual labor, including, but not limited to, electrical, painting, and plumbing work.

19. Throughout his employment, Defendants required Plaintiff to work, and Plaintiff did in fact work, six days per week, Monday through Saturday, approximately three times per month, and seven days per week approximately one time per month.

20. Specifically, throughout his employment, but excluding the period from December 3, 2017 through on or around February 3, 2018, Defendants required Plaintiff to work from Monday through Friday, beginning at 8:30 a.m. and working until approximately 9:00 p.m., randomly receiving unscheduled thirty-minute breaks two days per week. Defendants required Plaintiff to work on Saturdays, beginning at 8:30 a.m. and working until approximately 8:00 p.m., without any scheduled or uninterrupted breaks. Approximately two Saturdays per month, Defendants required Plaintiff to continue working beyond 8:00 p.m., until approximately 12:00 a.m. Additionally, Defendants required Plaintiff to work one Sunday each month for between five to six hours per day without any scheduled or uninterrupted breaks.

21. From December 3, 2017 through on or around February 3, 2018, Defendants required Plaintiff to work from 8:30 a.m. until anywhere between 1:00 a.m. to 2:00 a.m. from Monday through Saturday, randomly receiving unscheduled thirty-minute breaks two days per week. Additionally, during this period, Defendants required Plaintiff to work one Sunday each month for between five to six hours per day without any scheduled or uninterrupted breaks.

22. Thus, at all times during his employment other than from December 3, 2017 through on or around February 3, 2018, Defendants required Plaintiff to work, and Plaintiff did in fact work, a minimum of seventy-eight and as many as eighty-three hours in a week. From December 3, 2017 through on or around February 3, 2018, Defendants required Plaintiff to work, and Plaintiff did in fact work, a minimum of ninety-eight and as many as 110 hours per week.

23. From the start of his employment on July 24, 2017 through September 17, 2017, Defendants paid Plaintiff a flat rate of $80.00 per day regardless of the number of hours that he worked in a day or in a week.

24. From September 18, 2017 through November 24, 2018, Defendants paid Plaintiff a flat daily rate of $80.00 for each Sunday, and $100.00 for each workday from Monday through Saturday, regardless of the number of hours that he worked in a day or in a week.

25. From December 3, 2017 through on or around February 3, 2018, Defendants paid Plaintiff an extra $150.00 or $200.00 per week, in addition to his regular pay of $600.00 for six-day workweeks or $680.00 for seven-day workweeks. This additional money, however, did not in any way correspond to the number of hours that Plaintiff worked in a day or in a week.

26. At no point during his employment did Defendants pay Plaintiff at the rate of one and one-half times his regular hourly rate, or one and one-half times the minimum wage rate, if greater, for the hours that he worked over forty in a week.

27. By way of example only, during the week of September 3 through September 10, 2017, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule, without a break on each day unless otherwise indicated:

    Sunday, September 3, 2017: 1:00 p.m. until 7:00 p.m.;

    Monday, September 4, 2017: 8:30 a.m. until 9:00 p.m.;

    Tuesday, September 5, 2017: 8:30 a.m. until 9:00 p.m. with a thirty-minute break;

    Wednesday, September 6, 2017: 8:30 a.m. until 9:00 p.m.;

    Thursday, September 7, 2017: 8:30 a.m. until 9:00 p.m. with a thirty-minute break;

    Friday, September 8, 2017: 8:30 a.m. until 9:00 p.m.; and

    Saturday, September 9, 2017: 8:30 a.m. until 12:00 a.m.

Thus, Plaintiff worked eighty-three hours during this week. In exchange, Defendants paid Plaintiff $80 per day, for a total of $560.00.

28. By way of another example, during the week of December 3 through December 10, 2017, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule, without a break on each day unless otherwise indicated:

>Sunday, December 3, 2017: 1:00 p.m. until 7:00 p.m.;
>
>Monday, December 4, 2017: 8:30 a.m. until 2:00 a.m. with a thirty-minute break;
>
>Tuesday, December 5, 2017: 8:30 a.m. until 2:00 a.m.;
>
>Wednesday, December 6, 2017: 8:30 a.m. until 2:00 a.m. with a thirty-minute break;
>
>Thursday, December 7, 2017: 8:30 a.m. until 2:00 a.m.;
>
>Friday, December 8, 2017: 8:30 a.m. until 2:00 a.m.; and
>
>Saturday, December 9, 2017: 8:30 a.m. until 2:00 a.m.

Thus, Plaintiff worked 110 hours during this week. In exchange, Defendants paid Plaintiff $80.00 for Sunday, $100.00 for each day from Monday through Saturday, and an additional $150.00 that did not in any way correspond to the number of hours that Plaintiff worked, for a total of $830.00.

29. Further, Defendants required Plaintiff to work shifts that exceeded ten hours from start to finish throughout his employment, usually six times per week, including six days during each of the weeks as described in the two paragraphs above, yet for those days failed to pay him an additional hour's pay at the applicable minimum wage rate.

30. Defendants paid Plaintiff on a weekly basis in cash.

31. On each occasion when Defendants paid Plaintiff, Defendants failed to provide Plaintiff with any wage statement, let alone one that accurately listed, *inter alia*, his total hours worked that week, his regular and overtime rates of pay for every hour that he worked, and his spread-of-hours wages owed for that week.

32. Additionally, Defendants failed to provide Plaintiff with any wage notice at the time of his hire, let alone one that accurately listed, *inter alia*, Plaintiff's regular and overtime rates of pay as designated by the employer.

33. Defendants treated Plaintiff and FLSA Plaintiffs in the same manner described herein.

34. Defendants acted in the manner described herein to maximize their profits while minimizing their labor costs and overhead.

35. Each hour that Plaintiff worked was for Defendants' benefit.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the FLSA*

36. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

37. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

38. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

39. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a week, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

40. Defendants willfully violated the FLSA.

41. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

42. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCRR*

43. Plaintiff and any FLSA Plaintiff who opts-into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

44. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

45. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts-into this action are employees within the meaning of the NYLL and the NYCRR.

46. As also described above, Plaintiff and any FLSA Plaintiff who opts-into this action worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

47. Plaintiff and any FLSA Plaintiff who opts-into this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater.

48. Plaintiff and any FLSA Plaintiff who opts-into this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### **THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Minimum Wages Under the NYLL and NYCRR*

49.  Plaintiff and any FLSA Plaintiff who opts-into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50.  NYLL § 652(1) and NYCRR § 142-2.1 prescribe a minimum wage that employers must pay to their employees for each hour worked.

51.  As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts-into this action are employees within the meaning of the NYLL and the NYCRR.

52.  As also described above, Defendants failed to compensate Plaintiff and any FLSA Plaintiff who opts-into this action in accordance with the NYLL's and the NYCRR's minimum wage provisions.

53.  At the least, Plaintiff and any FLSA Plaintiff who opts-into this action are entitled to pay at the minimum wage rate for all hours worked.

54.  Plaintiff and any FLSA Plaintiff who opts-into this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

### **FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Violation of the NYLL's and the NYCRR's Spread-of-Hours Requirement*

55.  Plaintiff and any FLSA Plaintiff who opts-into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56. NYLL § 652 and 12 NYCRR § 142-2.4 provide that employees shall receive one hour's pay at the minimum wage rate for any day worked in which their spread of hours exceeds ten.

57. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts-into this action are employees within the meaning of the NYLL and the NYCRR.

58. As also described above, Plaintiff and any FLSA Plaintiff who opts-into this action worked days where their spread of hours exceeded ten, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's spread-of-hours provisions.

59. Plaintiff and any FLSA Plaintiff who opts-into this action are entitled to spread-of-hours pay, in the amount of one hour's pay at the minimum wage rate, for any day worked in which their spread of hours exceeded ten.

60. Plaintiff and any FLSA Plaintiff who opts-into this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's spread-of-hours provisions.

### **FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

61. Plaintiff and any FLSA Plaintiff who opts-into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

62. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

63. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts-into this action are employees within the meaning of the NYLL.

64. As also described above, Defendants, on each payday, failed to furnish Plaintiff and any FLSA Plaintiff who opts-into this action with any wage statements, let alone ones that accurately contained the criteria required under the NYLL.

65. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-into this action in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

66. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-into this action in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

67. Plaintiff and any FLSA Plaintiff who opts-into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

68. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

69. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts-into this action are employees within the meaning of the NYLL.

13

70. As also described above, Defendants failed to provide Plaintiff and any FLSA Plaintiff who opts-into this action with any wage notice at hire, let alone one that accurately contained the criteria required under the NYLL.

71. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-into this action in the amount of $50 for each workweek after the violation occurred, up to a statutory cap of $2,500.

72. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-into this action in the amount of $50 for each workday after the violation occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

73. Pursuant to FRCP 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff and/or FLSA Plaintiffs for participation in any form of this litigation;

      d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

      e. All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

      f. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

      g. Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

      h. Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

      i. Pre-judgment and post-judgment interest, as provided by law; and

    j. Granting Plaintiff and FLSA Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: November 6, 2020
    Garden City, New York

            Respectfully submitted,

            BORRELLI & ASSOCIATES, P.L.L.C.
            *Attorneys for Plaintiff*
            910 Franklin Avenue, Suite 200
            Garden City, New York 11530
            Tel. (516) 248-5550
            Fax. (516) 248-6027

            _____
            ALEXANDER T. COLEMAN, ESQ. (AC 1717)
            MICHAEL J. BORRELLI, ESQ. (MB 8533)