UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/18/2021

Nelson Duran,

     Plaintiff,

  –v–

R&L Interior Renovations and Construction Corp, *et al.*,

     Defendants.

20-cv-9344 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

  Plaintiff Nelson Duran brings claims on behalf of himself and others similarly situated against Defendants, R&L Interior Renovations and Construction, Corp. and Luis Fermin (collectively, "R&L"), for failure to pay overtime wages, a minimum wage, and other violations of state and federal labor laws. Duran filed a motion for conditional certification of a collective action under the Fair Labor Standards Act and submitted a proposed notice to distribute to potential members of the collective. R&L opposes certification. For the reasons that follow, the Court GRANTS Duran's motion to conditionally certify the collective, approves notice, and equitably tolls the statute of limitations to the date that Duran filed the motion.

**I. Background**

  Duran filed a complaint against R&L on November 6, 2020, for violations of the FLSA and New York Labor Law. Compl., Dkt. No. 1. On December 24, 2020, Yuri Cabrera opted into the action. Dkt. No. 9. The complaint alleges that Duran worked as a laborer for R&L, a Bronx-based construction and remodeling company, from approximately July 2017 to November 2018. Compl. ¶¶ 16–21. Duran alleges that he regularly worked in excess of forty hours each week and received only a flat-rate wage that did not comply with minimum-wage or overtime-

1

pay requirements of federal and state law.  *Id.* ¶¶ 22–30.  He alleges further violations of state and federal labor laws including failure to provide wage statements, spread-of-hours wages, and a wage notice.  *Id.* ¶¶ 31–33.

On March 19, 2021, Plaintiffs filed a motion for conditional certification of a collective action under the FLSA and submitted declarations from both Duran and Cabrera.  Motion, Dkt. No. 22; Pls. Br., Dkt. No. 23; Duran Decl., Dkt. No. 25; Cabrera Decl., Dkt. No. 26.  R&L opposed conditional certification, Defs. Br., Dkt. No. 32, and Plaintiffs filed a reply, Reply Br., Dkt. No. 33.

## II. Discussion

Plaintiffs move to conditionally certify a collective action under the FLSA defined as "current and former non-managerial assistants, laborers, and/or those in similar positions, who performed work for Defendants at any time during the relevant FLSA period."  Motion at 1.  They additionally request an Order that Defendants within fourteen days produce a list of current and former employees and their contact information.  *Id.*  Further, Plaintiffs seek approval of their proposed notice to potential members of the collective action.  *Id.* at 1–2.  Last, Plaintiffs request that the Court toll the statute of limitations for all putative members' FLSA claims "from the date of filing of this motion until such time as the Court resolves this motion."  *Id.* at 2.  For the reasons that follow, the Court grants each request.

### A. Conditional certification

The FLSA authorizes workers to sue on behalf of both themselves and "other employees similarly situated."  29 U.S.C. § 216(b).  Plaintiffs are "similarly situated," and therefore "may proceed in a collective, to the extent they share a similar issue of law or fact material to the disposition of their FLSA claims."  *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 516 (2d

Cir. 2020). The Second Circuit has made clear that any "dissimilarities in other respects should not defeat collective treatment[,]" so long as there are some material issues of law and fact shared by the plaintiffs such that collective treatment on those issues will facilitate "the collective litigation of the party plaintiffs' claims." *Id.*

In deciding whether to certify a FLSA collective, courts in the Second Circuit apply a two-step method. *Myers v. Hertz Corp.*, 624 F.3d 537, 554–55 (2d Cir. 2010). "The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Id*. at 555. At the second step, "the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Id*.

At the first step, a plaintiff's burden is low. *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007). While plaintiffs cannot demonstrate that they are similarly situated with "unsupported assertions," they need only "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Myers*, 624 F.3d at 555 (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (Sotomayor, J.)). This modest factual showing can be made with evidence adduced through the plaintiff's "pleadings, affidavits, and declarations, including any hearsay statements contained therein." *Morris v. Lettire Constr. Corp.*, 896 F. Supp. 2d 265, 269 (S.D.N.Y. 2012) (citation omitted). Indeed, "courts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit." *Hernandez v. Bare Burger Dio Inc.*, No. 12-cv-7794 (RWS), 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013) (collecting cases).

Plaintiffs have met the low burden required for conditional certification. As alleged in the complaint, R&L regularly failed to pay its laborers a minimum wage and failed to pay both overtime wages and spread-of-hours wages when its laborers worked in excess of forty hours in a week or in excess of ten hours in a day. Compl. ¶¶ 13, 16–30. Both Duran and Cabrera submitted declarations in support of the certification motion. Duran reiterated that he regularly worked in excess of forty hours each week and that he was paid a flat rate of $80 to $100 per day, doled out on a weekly basis, with no correlation to the number of hours actually worked. Duran Decl. ¶¶ 8–13. Duran also stated that R&L paid its other non-managerial assistants and laborers in "the same or similar" way, an assertion that he supports by reference to specific actions, coworkers, and conversations. *Id.* ¶¶ 14–16. Cabrera's declaration makes similar allegations, including that he was regularly paid $100 to $120 per day even though he regularly worked in excess of forty hours each week. Cabrera Decl. ¶¶ 5–10; *see also id.* ¶ 11 (alleging his experience was similar to those of other laborers). Cabrera's account differs in minor respects from Duran's, including his length of employment, from April 2017 to September 2020; that he initially started as a "non-managerial assistant" before becoming a "non-managerial laborer" at R&L; and the particular flat rate he was paid for each day's work. *Id.* ¶¶ 1, 6–7.

R&L opposes certification, arguing that Duran's and Cabrera's declarations reveal significant differences among the potential plaintiffs, including the amount that each was paid and the particular tasks that each performed as a laborer for R&L. Defs. Br. at 2, 4–5. The Court finds these objections lack merit. Plaintiffs in a collective need only be "alike with regard to some material aspect of their litigation," which Plaintiffs have demonstrated here, and need not be identical in all respects. *Scott*, 954 F.3d at 516.

Nor does the case law cited by R&L support denying certification. The differences in tasks described in Plaintiffs' declarations are not nearly as dramatic as those differences found to defeat certification in *Fraticelli v. MSG Holdings, L.P.*, No. 13 CIV. 6518 JMF, 2014 WL 1807105, at *2–3 (S.D.N.Y. May 7, 2014). More importantly, *Fraticelli* turned on whether members of the collective were miscategorized as trainees rather than employees, an inquiry that centered on the type of day-to-day tasks that the members performed. *Id.* By contrast, the particular tasks that laborers at R&L completed are much less relevant to the merits. Whether a laborer "perform[ed] construction and/or scaffolding work" or another "clean[ed] debris," Defs. Br. at 4, R&L was obligated to pay each a minimum wage, any overtime wages owed, and otherwise comply with general state and federal labor laws.

R&L also cites in support, *Jin Yun Zheng v. Good Fortune Supermarket Group (USA), Inc.*, No. 13-CV-60 ILG, 2013 WL 5132023 (E.D.N.Y. Sept. 12, 2013), which denied conditional certification. But the operative concern in *Zheng* was that the plaintiff's declaration did not "explain[ ] the basis for her observations" that there existed a common, unlawful policy that spanned several supermarket locations. *Id.* at *5. The court emphasized that the declaration did "not identify a single employee who purportedly suffered from or knew of such a practice or policy." *Id.* at *6. As explained, the same cannot be said of Duran's or Cabrera's declarations, as each referred to specific other employees and to practices sufficient to provide a factual basis for the claim that the members of the collective are similarly situated.

The Court therefore finds that the proposed collective action contains employees that are "similarly situated," satisfying 29 U.S.C. § 216(b).

**B. Notice**

Because the Court grants conditional certification, the Court will authorize Plaintiffs to send notices to potential collective action members. *See Braunstein v. E. Photographic Lab'ys, Inc.*, 600 F.2d 335, 336 (2d Cir. 1978). Plaintiffs submitted a proposed notice with their motion along with proposed reminder, text, and email notices. Mietus Decl., Exs. 5–8, Dkt. No. 24. R&L does not object to Plaintiffs' proposed notice. Nevertheless, "the district court maintains 'broad discretion' over the form and content of the notice" and so reviews Plaintiffs' proposal. *Johnson v. Carlo Lizza & Sons Paving, Inc.*, 160 F. Supp. 3d 605, 612 (S.D.N.Y. 2016) (quoting *Chhab v. Darden Rest., Inc.*, No. 11 Civ. 8345 (NRB), 2013 WL 5308004, at *15 (S.D.N.Y. Sept. 20, 2013)).

First, the Court concludes that the *content* of the notice is appropriate. It explains clearly and succinctly the nature of the case, potential plaintiffs' choices, the possibility that plaintiffs may need to testify at a deposition or trial, and the way to join the collective action. *See* Mietus Decl., Ex. 5. Additionally, the 60-day period to opt into the case is in line with the typical practice in this district. *See Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011) (collecting cases). Further, the notice properly refers potential plaintiffs to the FLSA's anti-retaliation provision. *See Martinez v. JLM Decorating Inc.*, No. 20-CV-2969 (AJN), 2021 WL 4253395, at *4 (S.D.N.Y. Sept. 17, 2021).

But, second, the Court does *not* approve Plaintiffs' proposal to provide notice to former employees up to six years prior to the filing of the complaint. Plaintiffs observe that some other courts have approved a six-year notice period in cases where the complaint alleges both FLSA and NYLL violations. Pls. Br. 16–17. But, as this Court recently stated, a six-year notice period is not appropriate "where, like here, the plaintiffs have not even moved for certification of a class for the NYLL claims," which would make it "confusing to employees who are ineligible for the

FLSA opt-in class to receive the opt-in notice, which does not relate to any state law claims." *Martinez*, 2021 WL 4253395, at *2 (second quote from *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 484 (S.D.N.Y. 2016)). Moreover, notices with an approved six-year notice period typically delineate the different statutes of limitations for state and federal claims, which Plaintiffs' proposed notice does not do. *See Benavides*, 166 F. Supp. 3d at 485. The Court therefore accepts Plaintiffs' alternative proposal to provide notice for a three-year period prior to the filing of the complaint on November 6, 2020. *See* Pls. Br. at 17–18; *accord Emeterio v. A & P Rest. Corp.*, No. 20-CV-970 (JMF), 2021 WL 101186, at *2 (S.D.N.Y. Jan. 12, 2021)

Third, the Court approves Plaintiffs' request that R&L produce within fourteen days "[a] computer-readable data file containing the names, last known mailing addresses, all known home and mobile telephone numbers, all known email addresses, dates of employment, and primary languages spoken of all potential collective action members who worked for Defendants from November 6 . . . 2017[ ] to the present." Pls. Br. at 18. Such a request is commonly granted by courts in this circuit. *See, e.g.*, *Jibowu v. Target Corp.*, 492 F. Supp. 3d 87, 128–29 (E.D.N.Y. 2020); *Martin v. Sprint/united Mgmt. Co.*, No. 15 CIV. 5237 (PAE), 2016 WL 30334, at *19–20 (S.D.N.Y. Jan. 4, 2016) (collecting cases). R&L does not object to this request, and the Court is not aware of an alternative means by which Plaintiffs could reasonably identify potential members of the collective action.

Fourth, the Court approves Plaintiffs' proposal to distribute a reminder notice after 30 days, and to distribute notices by text and email in addition to traditional mail. *See* Pls. Br. at 19–22. The allegation that R&L's employees have a "high turnover rate," Duran Decl. ¶ 18, favors such practical, yet not overly invasive, efforts to contact potential plaintiffs and inform

7

them of their rights to join the action, *see, e.g.*, *Park v. FDM Grp. Inc.*, No. 16CV01520LTSSN, 2019 WL 2205715, at *7 (S.D.N.Y. May 22, 2019).

Fifth, the Court approves Plaintiffs' proposal to distribute notices in "English, Spanish, and any other language identified" by R&L's records. Pls. Br. at 23; *see, e.g.*, *Valerio v. RNC Indus., LLC*, 314 F.R.D. 61, 76 (E.D.N.Y. 2016) ("Generally, courts permit notice to be translated into the mother tongue of non-English speaking groups of potential plaintiffs." (cleaned up)).

Sixth, the Court approves Plaintiffs' request that R&L post a copy of the notice at 3315 Hull Avenue in the Bronx, which is where potential plaintiffs are required to report to work each day. Pls. Br. 23. Courts are generally "split on whether workplace posting is appropriate." *Park*, 2019 WL 2205715, at *7. But here, R&L does not oppose the proposal. In the absence of an objection, and given the reality that posting in the workplace "maximizes potential plaintiffs' opportunities to be informed of the pendency of the litigation and consider whether to opt in," the Court grants Plaintiffs' request. *Mendoza v. Ashiya Sushi 5, Inc.*, No. 12 CIV. 8629 KPF, 2013 WL 5211839, at *9 (S.D.N.Y. Sept. 16, 2013).

### C. Equitable tolling

Last, Plaintiffs request that the Court toll the FLSA statute of limitations from the date that they filed this motion for conditional certification to the time that the Court resolves the motion. Pls. Br. at 24. In FLSA cases, the statute of limitations for each plaintiff's claims runs until that plaintiff opts into the collective action. *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 371 (S.D.N.Y. 2007); *Hoffmann*, 982 F. Supp. at 260. Plaintiffs request tolling, then, to "avoid the prejudice to actual or potential opt-in plaintiffs that can arise" from the delay in this Court's approval of the notice. Pls. Br. at 24; Reply Br. at 6.

R&L opposes tolling, noting that a plaintiff who did not timely file a FLSA complaint and who seeks equitable tolling "must establish that extraordinary circumstances prevented [her] from filing [her] claim on time, and that [s]he acted with reasonable diligence throughout the period [s]he seeks to toll." *Parada v. Banco Indus. De Venez., C.A.*, 753 F.3d 62, 71 (2d Cir. 2014) (quoting *Phillips v. Generations Fam. Health Ctr.*, 723 F.3d 144, 150 (2d Cir. 2013)). This misconstrues Plaintiffs' argument, as Plaintiffs' complaint was timely filed. Rather, Plaintiffs seek, as other district courts in this circuit have granted, equitable tolling of the statute of limitations for the period that the court considered a timely motion for conditional certification. *See, e.g.*, *Cabrera v. Stephens*, No. 16CV3234ADSSIL, 2017 WL 4326511, at *7 (E.D.N.Y. Sept. 28, 2017); *McGlone v. Cont. Callers, Inc.*, 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012) ("While plaintiffs wishing to pursue their rights cannot sit on them indefinitely, those whose putative class representatives and their counsel are diligently and timely pursuing the claims should also not be penalized due to the courts' heavy dockets and understandable delays in rulings."); *cf. Jibowu*, 492 F. Supp. at 128.

Here, Plaintiffs' motion for conditional certification was filed on March 19, 2021, about five months after Plaintiffs timely filed the complaint. Dkt. Nos. 1, 22. The motion has pended for nearly seven months since it was filed. The Court finds that it is appropriate, and consistent with the FLSA's remedial nature, to toll the statute of limitations from March 19, 2021, to the date of this Order. *See Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 170–71 (S.D.N.Y. 2014) (tolling the statute of limitations where consideration of the motion exceeded seven months).

### III. Conclusion

For the above reasons, Plaintiffs' motion is GRANTED. The Court hereby ORDERS:

9

- The conditional certification of this case as a collective action consisting of current and former non-managerial assistants, laborers, and/or those in similar positions, who performed work for R&L at any time during the relevant FLSA period.

- R&L shall, within fourteen days of this Order, produce to Plaintiffs a computer-readable data file containing the names, last known mailing addresses, all known home and mobile telephone numbers, all known email addresses, dates of employment, and primary languages spoken of all potential collective action members who worked for R&L from November 6, 2017, to the present.

- Plaintiffs shall disseminate notice of this action in the form attached as exhibits 5, 6, 7, and 8 to the Mietus Declaration, Dkt. No. 24.

- R&L shall post the notice at 3315 Hull Avenue, Bronx, New York, in a place at that location that is visible to potential collective action members, and provide an affidavit attesting to their compliance and swearing that the notice will remain posted and unobstructed during the entire 60-day opt-in period.

- The statute of limitations for all putative collective members' FLSA claims shall be tolled from the date this motion was filed, March 19, 2021, to the date of this Order.

The parties shall by November 1, 2021, submit a joint letter and proposed case management plan as detailed in the Court's Order dated November 19, 2020. Dkt. No. 7.

This resolves docket number 22.

SO ORDERED.

Dated: October 18, 2021
 New York, New York

_____
ALISON J. NATHAN
United States District Judge